UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JESSICA I. TRICK,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-200

Magistrate Judge Michael J. Newman
(Consent Case)

_____

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**
_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 16), Plaintiff's reply (doc. 17), the administrative record (doc. 7),[2] and the record as a whole.

**I.**

**A.**    **Procedural History**

Plaintiff originally filed for DIB and SSI on July 17, 2008 alleging a disability onset date of June 1, 2007. Tr. 99. Plaintiff's claim for benefits was considered by ALJ Amelia G. Lombardo, who determined Plaintiff's only severe impairment was bipolar disorder. Tr. 102. By written decision on

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the Transcript (tr.) number.

October 29, 2010, ALJ Lombardo found Plaintiff not disabled and unentitled to benefits. Tr. 96-111. Plaintiff did not appeal this decision.

Plaintiff again filed for DIB and SSI on April 29, 2015 alleging a disability onset date of June 24, 2014. In this second application, Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease, chronic obstructive pulmonary disease ("COPD"), obesity, an affective disorder, and a personality disorder. Tr. 13.

After an initial denial of her application, Plaintiff received a hearing before ALJ Deborah F. Sanders on March 21, 2017. Tr 44-94. PageID. ALJ Sanders issued a written decision on August 23, 2017 finding Plaintiff not disabled. Tr. 10-28. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" Tr. 19-28.

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Sanders' (hereinafter "ALJ") non-disability finding the final administrative decision of the Commissioner. Tr. 1-3. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). This August 23, 2017 non-disability finding is now before the Court for review.

**B.    Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (Tr. 63-78), Plaintiff's Statement of Errors (doc. 13), the Commissioner's memorandum in opposition (doc. 18), and

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

Plaintiff's reply (doc. 19). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough

to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred (1) in weighing the medical source opinions; and (2) in failing to adhere to the *Drummond* ruling.[4] Doc. 11 at PageID 1294. As explained more fully herein, the undersigned agrees with Plaintiff's first assignment of error and orders a remand on that basis.

---

[4] The undersigned finds that Plaintiff presented "new and material evidence," and that the ALJ did not err in concluding that the prior ALJ's findings were not binding in Plaintiff's 2015 claim for benefits. *Drummond v. Comm'r of Soc. Sec.,* 126 F.3d 837 (6th Cir. 1997); *see, e.g.,* tr. 122 (Dr. Demuth concluding "the new file does have new and material changes").

4

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[5]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, the state agency's record reviewing psychiatrist, David Demuth, M.D., reviewed Plaintiff's record in February 2015. Tr. 114-24. Dr. Demuth determined that Plaintiff suffered from an affective disorder and a personality disorder. Tr. 116. Based on his review, Dr. Demuth found that Plaintiff's "records indicate ongoing mood instability despite consistent treatment," and concluded that she "[w]ould have difficulty maintaining even limited employment." Tr. 122. Though Social Security regulations mandate that an ALJ must evaluate *every* medical opinion received, *see* 20 C.F.R. § 404.1527(d) (emphasis added), the ALJ failed to mention or discuss Dr. Demuth's opinion. Such an omission is clear legal error justifying remand. *Lovejoy v. Comm'r of Soc. Sec.*, No. 1:18-cv-514, 2019 U.S. Dist. LEXIS 14764, at *31-32 (S.D. Ohio Jan. 30, 2019) (finding reversible error "because nothing in the ALJ's analysis is sufficiently specific to make clear to a subsequent reviewer the weight given to [the state agency's physician's] opinions regarding [Plaintiff's] functional limitations"); *Hicks v. Comm'r of Soc. Sec.*, No. 1:17-cv-1957, 2018 U.S. Dist. LEXIS 166619, at *29 (N.D. Ohio Sept. 27, 2018) (citing *Zimmerman v. Massanari*, 212 F. Supp. 2d 127, 134 (W.D. N.Y. 2002)); *Foy v. Colvin*, No. 1:14-cv-907, 2015 U.S. Dist. LEXIS 88675, at *23-25 (N.D. Ohio Jun. 15, 2015) (finding reversible error where ALJ did not mention state agency physician's opinion and rejecting argument that such an error was harmless).

The ALJ's error is not -- as asserted by the Commissioner -- harmless. Tr. 1317-18. Rather, this portion of Dr. Demuth's opinion, if afforded weight, would support the opinion written by

Plaintiff's treating psychiatrist, Yiuchung Chan, M.D. Dr. Chan opined that Plaintiff was limited in her ability to sustain concentration, persist at tasks, and complete tasks in a timely fashion; had deficiencies in social interaction and adaption; and would not have consistent performance in dealing with pressures in the work setting or in simple and routine or repetitive tasks. TR 655-56. Finally, Dr. Chan explained that Plaintiff's "marked mood instability, limited stress tolerance, depression, social anxiety, and suicide ideas" would prevent work activities for a usual work day or work week. Tr. 656. The ALJ discounted Dr. Chan's opinion because the record "documents stable symptoms without clinical observations consistent with marked or frequent mood swings." Tr. 25. The ALJ thus concluded that the record does not "fully support" a finding of marked mood swings. Tr. 25.

Initially, the undersigned notes that the ALJ erred in requiring Dr. Chan's treating opinion to be "fully supported" by the record. Soc. Sec. R. 96-2, 1996 WL 374188, at 83 (A treating opinion "not inconsistent with substantial evidence in the first step does not have to be supported directly by all of the other evidence (*i.e.,* it does not have to be consistent with all other evidence) as long as there is no other substantial evidence in the case record that contradicts or conflicts with the opinion"); *see also Cowens v. Berryhill*, No. 3:16-CV-227, 2017 WL 3015701, at *6 (S.D. Ohio July 17, 2017). But even assuming, *arguendo,* that the ALJ applied the correct standard, not only does Dr. Demuth's opinion undermine the ALJ's assertion, but so too does the medical evidence of record. To begin, Plaintiff was hospitalized on three separate occasions due to suicidal intentions. Tr. 420-29; 346; 1210. Most recently, she was admitted in April 2017. Tr. 1210. Examination that day revealed circumstantial speech; depressed, euphoric, and anxious mood; dramatic affect; circumstantial associations; auditory hallucinations; persecutory delusions; suicidal ideations; and impaired judgment and insight. Tr. 1209-10. Dr. Chan's treatment notes consistently document that Plaintiff exhibited depressed and anxious or euphoric and irritable

7

moods, dramatic affect, limited insight and judgment, and that she was easily distracted. Tr. 342-54. Treatment notes throughout 2016 demonstrate similar findings regarding Plaintiff's mood volatility. *See e.g.,* tr. 690-702 (documenting, *inter alia*, an anxious mood, fidgeting psychomotor activity, limited insight and judgment, auditory hallucinations, and paranoid thoughts). Substantial evidence, therefore, does not support the ALJ's conclusion -- that the record does not support Dr. Chan's "marked mood instability" finding.

Finally, the ALJ also discounted Dr. Chan's opinion as inconsistent with the "claimant's lack of treatment with a psychiatrist from March of 2015 to April of 2016." Tr. 25. The Sixth Circuit has admonished that "ALJs must be careful not to assume that a patient's failure to receive mental-health treatment evidences a tranquil mental state" because "[f]or some mental disorders, the very failure to seek treatment is simply another symptom of the disorder itself." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 283 (6th Cir. 2009). Moreover, a "person who suffers from severe panic attacks, anxiety, and depression [and] makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *Vastine v. Berryhill*, 2017 U.S. Dist. LEXIS 156650, at *18-19 (S.D. Ohio Sept. 25, 2017) (citing *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001)). This is true especially considering that Plaintiff subsequently reestablished treatment with a psychiatrist and was also admitted to an acute care unit for suicidal ideation, demonstrating that any improvement she achieved was fleeting. For these reasons, this critique by the ALJ of Dr. Chan's opinion does not constitute a "good reason" to discount it. *Mitchell v. Comm'r of Soc. Sec.*, 330 Fed. Appx. 563, 569 (6th Cir. 2009).

Having failed to properly assess Dr. Demuth's opinion and having failed to properly assess the opinion of the treating psychiatrist, Dr. Chan, the undersigned finds remand necessary. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (Even where "substantial

evidence otherwise supports the decision of the Commissioner ... reversal is required [where] the agency failed to follow its own procedural regulation").

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date: 7/24/2019                                    s/ Michael J. Newman
                                                                               Michael J. Newman
                                                                               United States Magistrate Judge